### HAYDEN et al. v. CONSOLIDATED UNDERWRITERS.

### No. 2079.

Court of Civil Appeals of Texas. Beaumont. June 6, 1931.

Rehearing Denied July 1, 1931.

Conrad J. Landram, of Houston, for appellants.

C. A. Lord, of Beaumont, for appellee.

**WALKER, J.**

This suit was tried in the district court of Shelby county, appellants being plaintiffs and appellee defendant, as an appeal from an adverse award of the Industrial Accident Board denying appellants compensation for the death of Jeff Andress and resulted in an instructed verdict for appellee. Appellant Mrs. Hayden was the widow of Jeff Andress but after his death remarried. The other appellants were the surviving children of Jeff Andress.

We sustain appellants' assignments that the proof was sufficient to raise the following issues: "(a) That the issue as to whether the deceased sustained a personal injury should have been submitted to the jury; (b) That the issue as to whether said injury was a producing cause of the death should have been submitted to the jury; (c) That if no claim was filed it would not be a defense nor a bar to any right to compensation; (d) That the issue as to whether there was good cause for not making claim should have been submitted to the jury."

The evidence also raised the issue that Jeff Andress was, at the time of his injury and

death, an employee of Pickering Lumber Company, which carried its compensation insurance with appellee.

Appellants, in their trial petition, alleged that W. R. Pickering Lumber Company was a subscriber under the Workmen's Compensation Act (Vernon's Ann. Civ. St. arts. 8306–8309) with appellee as its insurer; that Jeff Andress was injured in the course of his employment with W. R. Pickering Lumber Company; that due notice of his injury and death were given, as required by law; that claim was duly filed with and adjudicated by the Industrial Accident Board adversely to appellants; that due notice of dissatisfaction with the award was given by appellants and this suit duly filed.

Appellee answered this petition with pleas of general and special demurrers and general denial. During the trial appellants filed a trial amendment alleging that the name of Jeff Andress' employer might have been Pickering Lumber Company instead of W. R. Pickering Lumber Company, and further attempting to describe the employer by giving the location of its place of business and the character and location of the work in which it was engaged. The trial amendment was sufficient to amend the original pleading and allege that the employer was Pickering Lumber Company instead of W. R. Pickering Lumber Company, and to allege further due notice of the injury and death of Jeff Andress and the adjudication of appellants' claim as an employee of Pickering Lumber Company.

The proof was that appellee was the insurer of Pickering Lumber Company, with no proof that W. R. Pickering Lumber Company was a subscriber under the Workmen's Compensation Act or that appellee was its insurer. On this amendment the pleading was that Jeff Andress was injured by a motorcar belonging to and operated by the servants of Pickering Lumber Company. The proof was, without dispute, that Jeff Andress was injured by a motorcar belonging to and operated by the servants of W. R. Pickering Lumber Company and over a tram track owned by W. R. Pickering Lumber Company. There was no proof that Pickering Lumber Company had any interest whatever in the operation of the motorcar that injured Jeff Andress or in the tram track over which the motorcar was being operated, nor was there any proof that Jeff Andress was injured while in the course of his employment with Pickering Lumber Company or while performing any service of any nature whatever for Pickering Lumber Company. This statement is made upon the briefs of the parties. Appellee, after reviewing the record and citing the testimony, affirms that the motorcar and the tram track belonged to W. R. Pickering Lum-

ber Company and that there was no proof that Jeff Andress was performing any service for Pickering Lumber Company. Appellants have answered this brief, but in no way controvert appellee's statements on this issue. However, appellants suggest that we must know that Pickering Lumber Company was the successor to W. R. Pickering Lumber Company. We could not know that fact judicially, and appellants do not suggest that any evidence was offered to prove it.

From the statement made, it follows that the verdict was correctly instructed in appellee's favor. To sustain their cause of action, appellants rested under the burden of supporting by proof the allegations of their petition that Jeff Andress, "while engaged in and about the furtherance of the affairs and business of his employer in the County of Shelby, Texas, and while acting in the course of his said employment, received an injury causing damage and harm to the physical structure of his body and this injury was the proximate cause of his subsequent death."

It requires no citation of authorities to sustain the proposition that appellee was not responsible to appellants for an injury inflicted upon Jeff Andress, an employee of Pickering Lumber Company, at a time when he was not in the course of his employment with that company.

Affirmed.