## CASUALTY RECIPROCAL EXCHANGE v. EWING.

### No. 1719.

Court of Civil Appeals of Texas. Waco.

March 5, 1936.

E. C. Gaines, of Austin, for appellant.

J. W. Spivey and F. R. Valentine, both of Waco, for appellee.

ALEXANDER, Justice.

B. G. Ewing recovered compensation in the lower court under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.) for total disability for 401 weeks for injuries sustained by him while working for Keton's Bakery. Whether or not the employee's disability was total and permanent or only temporary or partial were issues in the case. The jury found in answer to special issue No. 5 that the employee was disabled from doing any character of work and in answer to No. 6 that his disability was total, but no issue was submitted to nor finding made by the jury as to whether such disability was permanent. By special issue No. 7 the court asked for what length of time the employee's disability would incapacitate him from do-ing any character of work. This issue, however, was prefaced by the statement that it should not be answered if the jury found in answer to issue No. 6 that the employee's disability was total, and, as a consequence, issue No. 7 was not answered. Notwithstanding this qualified submission of the issue of temporary disability and the total absence of any finding by the jury as to whether the disability was temporary or permanent, the court allowed compensation for total and permanent disability for 401 weeks. The finding that the employee was totally disabled did not imply a finding that he was permanently disabled, for an employee may be totally disabled temporarily without being permanently so disabled. Under the circumstances, we do not think the court was authorized to make a finding that the employee's total disability was permanent. International-Great Northern R. Co. v. Casey (Tex.Com.App.) 46 S.W.(2d) 669, pars. 7-11, and authorities there cited. In the absence of such finding, the verdict is insufficient to support the judgment. Texas Employers' Ins. Ass'n v. Galloway (Tex.Civ.App.) 40 S.W.(2d) 973, 975.

The evidence raised an issue as to whether or not, at the time of his injury, the employee was engaged in work that was in the usual course of trade or business of the employer. The court submitted that issue to the jury, but, over the objection of appellant, placed the burden on the insurer to prove that the employee was engaged in work that was not in the usual course of the trade or business of the employer. The statute does not cover all employees, but specially excepts from its benefits those whose employment is not in the usual course of trade, business, profession, or occupation of the employer. Revised Statutes, art. 8309, § 1. The burden was on the employee to prove that he came within the terms of the statute, and hence the burden was on him to prove that he was employed in the usual course of the trade or business of the employer. Shannon v. Western Indemnity Co. (Tex.Com.App.) 257 S.W. 522; Texas Employers' Ins. Ass'n v. White (Tex.Civ.App.) 68 S.W.(2d) 511; Hayden v. Consolidated Underwriters (Tex.Civ.App.) 40 S.W.(2d) 167.

The evidence tended to show that for more than a year prior to his injury the employee had been working for different concerns in substantially the same kind of employment in which he was working at

the time of his injury, but there were no pleadings to that effect. The court allowed a recovery based on the average weekly wage actually earned by the employee during the preceding year. Upon another trial appellee will doubtless avail himself of the opportunity to plead the necessary facts so as to authorize recovery based on his average weekly wages, as provided for in subdivision 1 of that part of section 1 of article 8309 defining "average weekly wages."

The other errors complained of will not necessarily arise in the same manner upon another trial, and for that reason need not be discussed by us.

For the errors above pointed out, the judgment of the trial court is reversed, and the cause remanded for another trial.