J. H. SHIPLEY V. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

No. 3170.    Decided December 17, 1919.

(217 S. W., 137.)

1.—Charges Requested—Submission to Counsel.

The statute requiring special charges requested to be submitted to opposing counsel (Act of March 29, 1913, Laws, 33d Leg., p. 278, ch. 138, sec. 3) contemplates that this be done by the judge to whom they are submitted, not by counsel. This duty he will be presumed to have performed unless the contrary appear, and it need not be shown that they were so submitted in order to require consideration of errors assigned upon their refusal. (Pp. 195, 196.

2.—Same—Cases Discussed.

Floegge v. Meyers, 172 S. W., 194; International & G. N. Ry. Co. v. Jones, 175 S. W., 488; Atchison, T. & S. F. Ry. Co. v. Hardgrave, 177 S. W., 509; J. B. Farthing Lumb. Co. v. Illig, 179 S. W., 1092; Terrell v. Houston & T. C. Ry. Co., 189 S. W., 575; are disapproved. Sanger v. First Natl. Bk. of Amarillo, 170 S. W., 1087, and followed. (Pp. 195, 196).

3.—Charge—Conjunctive or Alternative Clauses.

Instruction to find for defendant unless the jury found negligence both in stopping the train with a sudden jerk and in carrying the passenger past the station and compelling her to alight in a manner and by means not such as should have been provided were erroneous in requiring negligence in both respects as cause of injury, when either would suffice. (Pp. 196-198).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hunt County.

Shipley sued the Railway Company for injury to his wife as a passenger and prosecuted error from a judgment for defendant. On its affirmance (198 S. W., 661) he obtained writ of error from the Supreme Court.

*Evans & Shields*, for plaintiff in error.

The reasoning advanced by the Court of Civil Appeals in the Sanger case is correct and should be followed. It certainly ought not to be presumed that counsel has prepared a special requested charge and submitted it to the court and that the court has refused it without adverse counsel having seen it. Sanger v. First Natl. Bk. of Amarillo, 170 S. W., 1087. It was reversible error for the court to give an instruction to the jury which required the jury to believe that the agents and servants of the defendant were guilty of negligence, both in the manner of stopping the train and also in having plaintiff's wife to alight at that place, and that plaintiff's wife was injured both by the manner in which the train

was stopped and by the long step that she was required to take in alighting from said train, before the jury would be authorized to find for the plaintiff, the plaintiff being entitled to recover if his wife was injured by the negligence of the defendant in either manner.   So. Kan. Ry. Co. of Tex. v. Sage, 98 Texas, 438.

*Chas. C. Huff,* and *Dinsmore & McMahan,* for defendant in error. —Defendant objects to the consideration of the second assignment of error, and especially to that part thereof complaining of the failure of the court to give to the jury defendant's special charge No. 2, because it is not made to appear from the record that plaintiff's special charge No. 2 was at the time submitted to the attorneys for the defendant.   Vernon's Sayles' Civil Statutes, art. 1973; Lumber Co. v. Illig, 179 S. W., 1093; Railway Co. v. Hargrave, 177 S. W., 509; Floegge v. Meyers, 172 S. W., 194; Terrell v. Houston, 189 S. W., 575; Railway Co. v. Jones, 175 S. W., 488.

When the whole of the fifth paragraph of the court's charge, a part of which is complained of, is considered together, it is clear that the jury could not have been misled to plaintiff's injury, by the conjunctive statement of matters of negligence contained in the first part of the charge, because the court therein expressly tells the jury that if they believed plaintiff's wife was injured by the negligence of defendant's servants, they should not, under said instruction, find for the defendant, and any error which there may be in the said paragraph of the court's charge was harmless.

Mr. JUSTICE GREENWOOD delivered the opinion of the court.

In this case the Court of Civil Appeals refused to consider assignments of error based on the trial court's refusal of special charges, requested by plaintiff in error, because of the failure of his bill of exceptions to show that the charges were submitted to opposing counsel, it appearing from the bill that the special charges were prepared and presented to the court, upon the court's submission to counsel for plaintiff · in error of the charge prepared by the court, and before such charge was read to the jury, and that the court, after due consideration, refused to submit the special charges, to which action exceptions · were duly taken.

In construing section 3, of the Act of the 33rd Legislature, approved March 29, 1913, to require the party presenting a special charge to submit it opposing counsel, the court of Civil Appeals followed the decisions of other Courts of Civil Appeals in Floegge v. Meyer, 172 S. W., 194; International & G. N. Ry. Co. v. Jones, 175 S. W., 488; Atchison, T. & S. F. R. Co. v. Hardgrave, 177 S. W., 509; J. B. Farthing Lumber Co. v. Illig, 179 S. W., 1092, and Terrell v. Houston & T. C. Ry. Co., 189 S. W., 575, but held differently from the prior decision of the Amarillo Court of Civil

Appeals in Sanger v. First National Bank of Amarillo, 170 S. W., 1087, to the effect that section 3 made it the duty of the trial judge to submit special charges to opposing counsel.

We concur in the construction of the section in the opinion in the last mentioned case and hence conclude that plaintiff in error's assignments were entitled to consideration.

The portion of section 3, which is relied on to prevent consideration of the assignments, read as follows: "Either party may present to the judge, in writing, such instructions as he desires to be given to the jury; and the judge may give such instructions, or a part thereof, or he may refuse to give them, as he may see proper. and he shall read to the jury such of them as he may give; provided, such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination."

This language plainly requires the preparation of special charges in writing and their presentation to the judge, within a reasonable time after the charge of the court has been submitted to the parties or their attorneys. It also plainly requires that the special charges be submitted to opposing counsel, without expressly declaring by whom this duty is to be performed.

A previous portion of the section makes it the duty of the judge to submit the charge prepared by him to the respective parties or their attorneys. After the parties or their attorneys comply with the express command to present the special charges to the judge they are in his hands and he determines their ultimate disposition. Any objections of counsel which may follow the inspection of special charges must be presented to the judge. Under these circumstances, we think it must have been intended for the judge, having received the special charges within the proper time, to submit them to opposing counsel. It will be presumed the judge performed his duty in the absence of a showing to the contrary.

Notwithstanding the Court of Civil Appeals erred in refusing to pass upon the errors assigned on the refusal of the special charges, we shall not determine the assignments. For no such findings of fact were made by the Court of Civil Appeals as we consider requisite to their proper disposition.

We would, therefore, remand the case for further consideration by the Court of Civil Appeals, were it not for the fact that this action appears to be unnecessary in view of our conclusion that plaintiff in error is entitled to have the judgments of both the trial court and of the Court of Civil Appeals reversed, and the cause remanded to the district court, for error in the main charge.

Paragraph 4 of the court's charge submitted to the jury facts entitling plaintiff in error to recover as follows: "Therefore, if you believe from the evidence that at the time and place men-

tioned in plaintiff's petition, plaintiff's wife was a passenger on defendant's train, and that as said train arrived at the station of Burrow plaintiff's wife used ordinary care to alight from said train when it stopped at station; and if you find that defendant's servants in charge of said train failed to stop said train at said station a reasonable and sufficient length of time for plaintiff's wife, in the exercise of ordinary care, to have alighted therefrom; and if you further find that in making the second stop that defendant's servants stopped said train suddenly with a quick, unusual and unnecessary jerk and lurch and thereby caused plaintiff's wife to be injured; and if you find that in so stopping said train, if they did, defendant's agents and servants were guilty of negligence as that term is defined in paragraph one hereof and that such negligence, if any, was the proximate cause of the injuries, if any, to plaintiff's wife, you will find for plaintiff.''

''Or, if you believe from the evidence that at the time and place mentioned in plaintiff's petition plaintiff's wife was a passenger on defendant's train, and that as said train arrived at the station of Burrow, plaintiff's wife used ordinary care to alight from said train, when it stopped at said station; and if you find that defendant's servants in charge of said train failed to stop said train at said station a reasonable and sufficient length of time for plaintiff's wife, in the exercise of ordinary care, to have alighted therefrom; and if you find that defendant's agents and servants, in carrying her past said station and stopping said train where it stopped for plaintiff's wife to alight, and in the manner, place and means furnished by defendant's agents and servants to plaintiff's wife in alighting from said train, were in any or all the respects named guilty of negligence, as defined in paragraph one, and that such negligence, if any, was the proximate cause of injuries to plaintiff's wife, if any, you will find for the plaintiff.''

Paragraph 5 of the court's charge read: ''Unless you · believe from the evidence that defendant's servants failed to stop said train at the station of Burrow a reasonable and sufficient length of time for plaintiff's wife, in the exercise of ordinary care to safely alight therefrom and unless you believe that defendant's servant's in making the second stop stopped said train suddenly, with a quick and sudden jerk and lurch; and unless you believe that defendant's agents and servants, in carrying plaintiff's wife past said station and in having her to alight at the place and in the manner and with the means furnished were guilty of negligence as defined in paragraph one, hereof; or unless. you find that plaintiff's wife was injured by the negligence, if any, of defendant's servants; or unless you find that the negligence of defendant's servants, if they were negligent, was the proximate cause of the injuries to plaintiff's

wife, if she was injured, then and in either event you will find for the defendant.''

Paragraph 5 of the court's charge cannot be otherwise construed than to require the jury to find for defendant in error unless they believed that its servants stopped the train with a quick and sudden jerk and lurch, and unless they further believed that defendant in error's agents and servants were guilty of negligence in carrying plaintiff in error's wife past the station and having her alight in the place and in the manner and with the means furnished.

Since plaintiff in error was entitled to recover, as recognized in the preceding paragraph of the charge on a finding of negligence based either on the quick and sudden lurch of the train or on the place and manner and means provided for plaintiff in error's wife to alight from the train, paragraph 4 and 5 of the charge are contradictory, and it is impossible to say that the jury did not find a verdict for defendant in error because the jury failed to find more than the law required to entitle plaintiff in error to recover. Gulf, T. & W. Ry. Co. v. Dickey, 108 Texas, 130, 187 S. W., 184; Missouri, K. & T. Ry. Co. of Tex. v. Rogers, 89 Texas, 675, 36 S. W., 243; Southern Kan. Ry. Co. v. Sage, 98 Texas, 438, 84 S. W., 814.

For the error in the court's charge, the judgments of the Court of Civil Appeals and of the District Court are reversed and the cause is remanded to the District Court for a new trial.

*Reversed and remanded.*