### SOUTHERN PAC. CO. v. GREEN.
(No. 771—4371.)

(Commission of Appeals of Texas, Section A. Feb. 10, 1926.)

1. Trial ⬩⟶352(4)—Submission of issue of employer's failure to make reasonable inspection of machine injuring employee held material error in absence of evidence that defect was discoverable.

Where there was no evidence that on further inspection defect in steam shovel causing the accident would have been discovered, it was material error to submit, as ground for recovery by employee, failure of employer to make a reasonable inspection or to exercise ordinary care in that respect.

2. Appeal and error ⬩⟶1031(6)—Error in court's main charge not presumed invited by requested charge (Rev. St. 1925, arts. 2184–2186).

Rev. St. 1925, arts. 2184–2186, requiring judge to prepare charge and submit it to counsel before special charges are prepared or presented, are presumed to have been followed, in

absence of showing to the contrary, and there is no presumption that an error in judge's main charge was invited by requested special charge.

3. Appeal and error ⬩⟶1033(5)—Requested special charge, to operate as waiver of error in judge's charge, must as whole be same in substance and effect.

For a requested special charge to operate as a waiver of objections to judge's charge, it must as a whole be the same in substance and effect as erroneous part of judge's charge.

4. Appeal and error ⬩⟶1033(5)—Requested charge containing other defensive matter than matter similar to that in main charge not waiver of error in main charge.

Where erroneous matter contained in judge's charge was embraced in defendant's special charge, conjunctively with other defensive matter, the defendant did not thereby waive objections thereto.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by T. E. Green against the Southern Pacific Company. Judgment for the plaintiff was affirmed by the Court of Civil Appeals (269 S. W. 877), and defendant brings error. Reversed and remanded.

Kemp & Nagle, of El Paso (Wm. F. Herrin, of San Francisco, Cal., of counsel), for plaintiff in error.

Wallace & Cameron, of El Paso, for defendant in error.

HARVEY, P. J. The defendant in error, T. E. Green, brought this suit against plaintiff in error, the Southern Pacific Company, for damages for personal injuries sustained by defendant in error while in the employ of said company as a brakeman and while engaged in his duties as such. In this opinion the parties will be designated, respectively, as plaintiff and defendant as in the trial court.

The plaintiff's injuries were caused by the falling of the shovel or bucket forming a part of a machine, designated in the testimony as a steam shovel or excavator, which was being operated by servants of the defendant in loading dirt on defendant's cars upon which plaintiff was performing his duties as a brakeman. The falling of the shovel was caused by the breaking of one of the stay rods which supported the boom to which the shovel was attached, thus causing the boom to give way and the shovel to fall as it did. Upon the trial in the court below, the case was submitted to the jury upon general charge, and the jury returned a general verdict for the plaintiff, assessing his damages at the sum of $5,850.

The court, in its main charge, submitted to the jury two distinct issues of negligence on the part of the defendant as affording grounds for a recovery by plaintiff. One re-

---

⬩⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lated to the act of swinging the shovel over the car upon which plaintiff was standing, of which no complaint is made here. The other issue of negligence was submitted to the jury, in the main charge of the court, in the following words:

"(1) It was the duty of the defendant to use ordinary care to inspect the excavator used by it in doing the work described in plaintiffs' petition, and a failure to use ordinary care would be negligence. Now if you find that the plaintiff was on a car, as described by him, and that the shovel or dipper of the gasoline excavator came down upon him and injured him, substantially as alleged by him, and you further find that a reasonable inspection would have disclosed the condition of the stay rod that broke, and that the defendant had failed to use ordinary care to inspect the excavator, and that in so failing, if it did, it was negligent, and that such negligence was a proximate cause of the injury complained of by the plaintiff, you will find for the plaintiff, unless you find for the defendant under some other charge given you.

"(2) Unless you find from a preponderance of the evidence that the defendant did not use ordinary care to inspect the excavator, you will find for the defendant on this issue.

"(3) If you find that an ordinary inspection would not have discovered the defect which caused the boom and bucket to fall, you will find for the defendant on this issue."

At the request of the defendant the court also gave in charge to the jury defendant's special charge No. 5, which reads as follows:

"If you believe from the evidence that the machine in question was purchased by the defendant from a reputable manufacturing concern, and that the defendant caused same to be inspected by a firm of reputable engineers, who reported same in good condition and that a reasonable inspection would not have revealed the insufficiency of the stay rod in question, and if you further believe that the boom or dipper at and just prior to the happening of the accident swung over by reason of the breaking of said stay rod in question without negligence on the part of the defendant, then, and in such event, if you so find, your verdict must be for the defendant."

The defendant duly objected to that part of the main charge quoted above, which relates to inspection of the machine by defendant, and which required the jury to determine whether a reasonable inspection would have disclosed the defective condition of the stay rod that broke. One of the grounds of objection is that there is "no evidence that any character of inspection would have discovered any defect in the stay rod, but the uncontroverted evidence showed * * * that any inspection would not have disclosed any defects in the stay rod which broke." The objection was overruled by the court and complaint is duly made by defendant of such action of the court.

[1] There is no evidence in the record from which the jury was authorized to find that a reasonable inspection by defendant thus submitted to the jury as a distinct issue would have disclosed any defect in the stay rod which broke, but, on the contrary, there is testimony in the record to the effect that no character of inspection would have disclosed a defect in the stay rod.

The evidence disclosed that the machine had been recently purchased by the defendant from a reputable manufacturer and had been in operation only about two weeks when the accident in question occurred. There was also evidence to the effect that defendant, at the time it purchased the machine, caused it to be inspected by a firm of reputable engineers, and no defects were discovered by such inspection. But during the time that the machine had been operated by defendant two defects had been discovered in other parts of the machine than the part involved in this accident. Conceding that the discovery of these defects would have led an ordinarily prudent person to make further reasonable inspection for the purpose of ascertaining whether or not other defects existed in the machine, the fact remains that there is no evidence from which the jury might properly determine that a further reasonable inspection would have discovered the defect that caused the accident in question.

In this state of the record, it was material error for the court to submit to the jury, as a distinct ground of recovery by plaintiff, as it did, the issue of negligence based upon the failure of the defendant to make a reasonable inspection of the machine, or to exercise ordinary care in that respect. The plaintiff contends, however, that such error was invited by the defendant in requesting and having submitted to the jury the defendant's special charge No. 5, because such latter charge embraces the erroneous matter of which the defendant complains. There is nothing in the record indicating that said special charge was presented to the court or requested by defendant, before the court had prepared and submitted to counsel its main charge containing said issue of which defendant complains.

Articles 2184, 2185, and 2186 of the Revised Civil Statutes of 1925, which articles were enacted in their present form in the year 1913, read as follows, so far as pertinent here:

"Art. 2184. Unless expressly waived by the parties, the judge shall prepare and in open court deliver a written charge to the jury on the law of the case. * * *"

"Art. 2185. The charge shall be in writing, signed by the judge, filed with the clerk, and shall be a part of the record of the cause. It shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the

jury, and all objections not so made and presented shall be considered as waived. * * * "

"Art. 2186. *Special Charges.*—Either party may present to the judge such written instructions as he desires to be given to the jury. * * * Such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination."

It will be noted that the statutes require the judge to prepare his charge and submit it to the respective parties or their attorneys for inspection, before special charges requested by either party are prepared and presented to the court. Provision is also made for the allowance of a reasonable time for the presenting of objections to the judge's charge, and the preparation and presenting of special charges, after the judge's charge is submitted to counsel for inspection and examination. These statutory requirements became law for the first time in the year 1913.

[2] Prior to that time our courts indulged the presumption that an error in the judge's main charge was invited when the record disclosed that the complaining party had, by requested special charge, requested the court to submit to the jury such erroneous matter. Railway v. Sein, 33 S. W. 215, 558, 89 Tex. 63. But, in view of statutory provisions now existing, such a presumption cannot be now properly indulged. The order of procedure provided by the statutes must be presumed to have been followed, unless the record in the particular case show otherwise. It will be presumed, unless the contrary be disclosed by the record, that the judge prepared his charge as it appears in the record, and that he submitted it to counsel for their inspection and objections, before any special charges were prepared and presented to the judge. In such a case there can be no basis for a conclusion that the error was invited by the complaining party.

It does not necessarily follow, however, that because a party did not invite the error in the judge's charge of which he complains he may not waive any objection which he may have made thereto, by requesting a special charge presenting the matter of which he complains, in substantially the same form, as same appears in the judge's charge, which action, of course, would be anomalous and would rarely occur in actual practice.

[3] In order, however, for a requested special charge to operate as a waiver of an objection which the party requesting same has made to the judge's charge, such special charge, as a whole, must be the same, in substance and effect, as that part of the judge's charge of which such party complains. Any other rule would, in many cases, operate to deprive the complaining party of the right to present his view of the law upon other issues in the case,

unless he waived his objection by including the erroneous matter in his requested special charge. Railway Co. v. Eyer, 70 S. W. 529, 531, 96 Tex. 72, 77.

[4] In the present case, the erroneous matter contained in the judge's charge is embraced in defendant's special charge No. 5, conjunctively with other defensive matters in issue which defendant was entitled to have the jury determine. In thus framing such requested special charge, the defendant, to use the language of Chief Justice Gaines in the Eyer Case, supra—

"might well apprehend that unless he drew his instruction so as to conform to the views of the court, as already expressed in the charge, the request for that reason alone would be refused."

We think the holding of the Court of Civil Appeals on the questions discussed in its opinion (269 S. W. p. 877) is correct, except in respect to the particular matter which we have pointed out as error.

We are of opinion that the submission to the jury of the issue to which defendant objected, as above stated, was error, which was neither invited nor waived by the defendant, and that because of such error the judgment of the trial court and that of the Court of Civil Appeals should be reversed; and the cause remanded, and we so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.