**TEXAS EMPLOYERS' INS. ASS'N v. WHITE et al.**

No. 4134.

Court of Civil Appeals of Texas. Amarillo.
Jan. 8, 1934.

Rehearing Denied Feb. 12, 1934.

W. D. Wilson, of Lubbock, and Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

Jas. A. Gowdy, of Olton, and Griffin & Sharp, of Plainview, for appellees.

JACKSON, Justice.

This is a suit by Grace Clark White, the widow of.Charles L. White, deceased, for herself and minor children, the appellees herein, against the Texas Employers' Insurance Association, the appellant, on a workmen's compensation policy which it issued to the J. M. Radford Grocery Company by whom the deceased was employed at the time of his death.

Neither the jurisdiction of the court nor the cause of action as alleged by appellees are here questioned.

The appellant answered by general and special exceptions, general denial, and alleged that the deceased received his fatal injuries while in a state of intoxication.

In response to special issues submitted by the court and at the request of appellant, all of which were answered in favor of a recovery by appellees, judgment was rendered decreeing to each appellee certain weekly payments for a period of 360 weeks.

We deem it unnecessary to set out each of the special issues submitted and the findings thereon, but will discuss such only as are material to a disposition of this appeal.

Appellant assails as erroneous special issue No. 4 as prepared and given by the court because it placed on appellant the burden of proving that at the time of the accident which resulted in the death of deceased, he was in a state of intoxication, while under the law the burden was on appellees to show that the deceased at such time was not in a state of intoxication.

Issue No. 4 is: "Do you find from a preponderance of the evidence that the said Charles L. White sustained his death while in a state of intoxication?"

Answered in the negative.

Some uncertainty did exist whether the question, Do you find from a preponderance of the evidence, etc., properly stating the is-

sue, places the burden on either party, U. S. Torpedo Co. v. Huff (Tex. Civ. App.) 41 S.W.(2d) 296, but it now appears to be settled that an issue so worded does place the burden on one of the parties. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521; Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210; Stedman Fruit Co. v. Smith (Tex. Civ. App.) 45 S.W.(2d) 804, and authorities cited; Dallas Ry. & Terminal Co. v. Fuchs (Tex. Civ. App.) 52 S.W.(2d) 685.

The record discloses that Charles L. White was a traveling salesman for the Radford Grocery Company, and as a part of his duties he was sometimes required to make collections for his company and went out of his territory for that purpose. That Mr. Wright was indebted to the company and the deceased had been, prior to the day of the accident, instructed by the manager of his company to see Wright and collect the debt, who was thought to live in Dickens county in the vicinity of Spur. That the deceased went to Dickens county and on the day of the accident was in the vicinity of Spur alone in his car, traveling a rather indistinct country road which led to a precipitous bluff approximately 40 feet high; that the road did not extend beyond, but terminated at the bluff and over this the car plunged, causing injuries from which the deceased died immediately.

Most of the issues were sharply controverted and especially the question of intoxication and the special issue complained of, under the authorities, places the burden on appellant to prove as a defense that the deceased was intoxicated at the time of the fatal accident.

The appellant pleaded that the deceased was in a state of intoxication at the time he received his injury, but by such allegation it did not assume the burden of proving such issue. Article 8307, § 5, R. C. S. 1925 (as amended [Vernon's Ann. Civ. St. art. 8307, § 5]); El Paso Elec. Co. v. Hedrick (Tex. Civ. App.) 39 S.W.(2d) 128, 129; Id. (Tex. Com. App.) 60 S.W.(2d) 761; Stedman Fruit Co. v. Smith, supra.

Article 8309, § 1, R. C. S., provides: "The term 'injury sustained in the course of employment,' as used in this law, shall not include: * * * 3. An injury received while in a state of intoxication."

This statute has been recently construed by the Commission of Appeals in Dill et al. v. Texas Ind. Ins. Co., 63 S.W.(2d) 1016, affirming the holding of Chief Justice Hickman of the Eastland Court of Civil Appeals, 42 S.W.(2d) 1059.

These decisions hold conclusively that if Charles L. White was in a state of intoxication at the time of his injury, he was not in the course of his employment and appellees could not recover the compensation for which they sued. The authorities are uniform to the effect that in order to recover under the Workmen's Compensation Law in this state, the burden is on the claimant to show he was in the course of his employment at the time he was injured and upon his beneficiaries to show that the deceased was in the course of his employment at the time he received the injury resulting in his death, and the burden was on appellees in this suit to show that Charles L. White was not in a state of intoxication at the time he received his fatal injuries.

■■■ Appellees say that if the court committed error in giving special issue No. 4 over the objection that it placed the burden on appellant, such error was invited or waived because the court gave, at appellant's request, special issue No. 8, which is:

"(A) Was the deceased Charles L. White in a state of intoxication at the time he fell over the bluff in question in his car?

"If you answer the above question in the affirmative, then you will answer the next question also, otherwise you will not answer such further question.

"(B) Was the occurrence of said White's fatal accident due to his intoxication, if any?"

The first subdivision of said issue was answered in the negative.

The record discloses that appellant's objections to the charges were filed, submitted to the court, a copy thereof furnished to counsel for appellees in a reasonable time, and before the charge and issues were read to the jury; that such objections were overruled and appellant's bill of exception to such action approved by the court.

In St. Louis Southwestern Ry. Co. v. Hudson (Tex. Com. App.) 17 S.W.(2d) 793, 796, Judge Critz holds that:

"A party is not estopped to complain of an error in a court's charge that is calculated to injure him, by the rule of invited error, unless it appears from the record that the court was led or induced by him to commit the error. Ft. Worth & D. C. Ry. Co. v. Amason (Tex. Civ. App.) 239 S. W. 359; Shipley v. M., K. & T. Ry. Co., 110 Tex. 194, 217 S. W. 137; M., K. & T. Ry. Co. v. Eyer, 96 Tex. 72, 70 S. W. 529; Western Union Tel. Co. v. Bowen, 97 Tex. 621, 81 S. W. 27; Patton v. Dallas Gas Co., 108 Tex. 321, 192 S. W.

1060; Atchison, T. & S. F. Ry. Co. v. Pickens (Tex. Civ. App.) 118 S. W. 1133; Southern Pacific Ry. Co. v. Green, 280 S. W. 198 (Tex. Com. App. opinion approved).

In Southern Pacific Ry. Co. v. Green (Tex. Com. App.) 280 S. W. 198, 200, Judge Harvey holds:

"It will be presumed, unless the contrary be disclosed by the record, that the judge prepared his charge as it appears in the record, and that he submitted it to counsel for their inspection and objections, before any special charges were prepared and presented to the judge. In such a case there can be no basis for a conclusion that the error was invited by the complaining party."

Under this record and the presumption of law, the court had prepared his charge containing the issue complained of, submitted it to counsel, and the objections thereto had been overruled before appellant requested special issue No. 8, and "there can be no basis for a conclusion that the error was invited by the complaining party."

In the same opinion the court announces:

"In order * * * for a requested special charge to operate as a waiver of an objection which the party requesting same has made to the judge's charge, such special charge, as a whole, must be the same, in substance and effect, as that part of the judge's charge of which such party complains."

The error presented was not waived, since the requested issue did not place the burden of proof on either party and the issue complained of placed the burden on appellant and hence the two issues were not "the same in substance and effect."

■ Complaint is also made of the action of the court in overruling the objection to special issue No. 1 and the definition of "within the course of his employment" given in connection therewith, because the issue and the definition ignored the question of intoxication. Error is also urged because the court refused the requested charge explaining, when applied to this case, the meaning of the phrase "within the course of his employment."

Special issue No. 1, with the explanation thereto, is:

"Do you find from a preponderance of the evidence that Charles L. White was at the time of his death within the course of his employment with J. M. Radford Grocery Company as the term 'within the course of his employment' is hereinafter defined?

"In connection with Special Issue No. 1 you are instructed that the term 'within the course of his employment' as that term is used in this charge above, includes all injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer, received by an employee while engaged in or about the furtherance of the affairs or business of his employer."

The objection to the explanatory charge is that it ignored the question of whether the deceased was in a state of intoxication at the time of his injury which, under the record, was a material element in order to determine whether the injury resulting in the death was received by the deceased in the course of his employment. The charge requested by appellant is as follows:

"Gentlemen of the jury, you are instructed in connection with the Court's Special Issue No. 1 that an injury received by an employee while in a state of intoxication is not an injury received 'within the course of his employment.' "

In order for appellees to recover compensation, it was necessary for the deceased to be acting "within the course of his employment" at the time he received the injury causing his death. If he was in a state of intoxication at such time, he was not acting in the course of his employment and the jury should have been so instructed. We sustain appellant's contentions.

■ Except as above discussed, the assignments presenting as error the action of the court in refusing to submit certain requested issues and explanatory charges were covered by the main charge and those given at the request of appellant, and are overruled.

■ Appellant challenges as error the action of the court in permitting each of several witnesses to testify in effect that the deceased on the day of and prior to the accident stated to them that he was going to Dickens county to collect a debt due his company by Mr. Wright, who lived at Spur or in the vicinity thereof, since the testimony was hearsay, immaterial, and irrelevant.

"The rule excluding hearsay testimony does not apply to the statements and declarations which are a part of the res gestae of the transaction in question, and the res gestae rule is frequently referred to as an exception to the hearsay rule." 17 Tex. Jur. 616, § 258.

"Generally speaking, all acts or declarations of the parties are a part of the res gestae when they are a part of the transac-

514

tion in question, or when they are contemporaneous with and accompany it and tend to explain or illustrate it, or are calculated to throw light upon the motives and intentions of the parties to it, or when, though they do not accompany the transaction, they spring out of it and tend to explain it, and are voluntary and spontaneous, and made at a time so near it, or under such circumstances as to exclude the idea of premeditation and design." 17 Tex. Jur. 614, § 257.

"Thus tested, the declarations which form a part of the res gestae may either precede the act or transaction in question or may follow it." 17 Tex. Jur. 624, § 262.

The rule thus .announced is sustained by many authorities, among which we cite: Maryland Casualty Co. v. Kent et al. (Tex. Civ. App.) 271 S. W. 929; Royal Indemnity Co. v. Hogan et ux. (Tex. Civ. App.) 4 S.W. (2d) 93; Capitol Hotel Co., Inc., et al. v. Rittenberry (Tex. Civ. App.) 41 S.W.(2d) 697; G., C. & S. F. Ry. Co. v. Compton, 75 Tex. 667, 13 S. W. 667; Texas & Pacific Ry. Co. v. Lester, 75 Tex. 56, 12 S. W. 955.

The contention that the court should have directed a verdict for appellant because of the insufficiency of the testimony is not tenable.

Complaint is made by proper assignment of the refusal of the court to permit the jurors at appellant's request, to take with them in their retirement to deliberate on the case, certain photographs of·the bluff where the accident occurred and the road in the vicinity thereof.

No objection was made to the introduction of these photographs in evidence and none of them were attached to any deposition or other instrument, and, while some of the wit-· nesses were questioned relative to these photographs, they were not used by the witnesses to illustrate their testimony.

"Photographs and pictures, it is said stand on the same footing as diagrams, maps, plans, etc., and as a general rule whenever it is relevant to describe a person, place or thing, photographs or pictures are admissible for the purpose of explaining and applying the evidence and assisting the Court or jury in understanding the case." 22 C. J. 913.

Under article 2193, we can conceive of no good reason to prohibit the jury, under the facts as disclosed by this record, from having the photographs with them on their retirement. However, it is unnecessary to deter-

mine whether the action of the court in this particular constituted reversible error.

Appellant also complains of the argument of appellees' counsel and assigns error on some other matters which we·deem it unnecessary to discuss in detail, as they should not and in all probability will not occur on another trial.

The judgment is reversed and the cause remanded.