## TEXAS EMPLOYERS' INS. ASS'N v. BAUER.

### No. 5027.

Court of Civil Appeals of Texas. Amarillo.

May 1, 1939.

Rehearing Denied May 29, 1939.

Lawther, Cramer, Perry & Johnson and Wm. M. Cramer, all of Dallas, for appellant.

P. D. Smith and Allen & Allen, all of Dallas, for appellee.

JACKSON, Chief Justice.

The appellee, Mrs. Dora Eula Bauer, instituted this suit in the District Court of Dallas County against the appellant, Texas Employers' Insurance Association, to set aside a final decision of the Industrial Accident Board denying her compensation for the accidental death of her husband, John Albert Bauer, while employed by the Independent Ice Company, which carried compensation insurance for its employees with appellant.

No complaint is made as to the sufficiency of the pleading and no question presented relative to jurisdiction and we deem it unnecessary to make an extended statement of the pleadings.

In response to special issues submitted by the court the jury found in effect that John A. Bauer, the deceased, received accidental injuries resulting in his death in the usual course of his employment for the Independent Ice Company; that he worked for said company substantially the whole of the year immediately preceding the date of his death, December 22, 1936; that his average daily wage was $5.75, based on a seven day week; that the failure of the appellant to redeem its liability in a lump sum would not result in injustice and hardship to appellee; that the deceased was not in a state of intoxication at the time he received the fatal in-

juries and that his duties were not completed prior to the time of the accident.

On these findings the court rendered judgment that appellee recover accrued compensation in the sum of $1105.05, with interest, and the sum of $19.90 per week in the future for a period of 306 weeks, and this judgment is before us for review.

The appellant presents as error the action of the court in refusing to direct a verdict in its behalf contending that the testimony is wholly insufficient to support the finding of the jury that the deceased had not completed his duties at the time of his death and received the injuries while in the usual course of his employment.

The testimony shows that John A. Bauer had been in the employ of the Independent Ice Company in the capacity of stationary engineer for several years and was subject to call when needed at the different plants. He with his wife had their home in Longview and resided in a house furnished by his employer. The Independent Ice Company had and maintained an ice factory or plant at Longview and also what the witnesses designated as a plant or dock at Kilgore and at Arp, Texas. The deceased had charge of the machinery used in the plants at each of these towns. On December 20, 1936, he went from Longview to Dallas where the families of himself and of his wife resided and at which city, his wife, the appellee, was temporarily employed. He stayed one night in Dallas and had in his car while there a motor which belonged to the plant in Longview. About eight o'clock on the night of the 21st he left Dallas, accompanied by a friend, George W. Revis, and returned to Longview arriving some time in the night. He had a motor with him and delivered it to the plant but did not install it before he left on the morning of the 22nd, accompanied by Mr. Revis, on his return trip to Dallas. He stopped at Kilgore on his way, checked the plant there, delivered to Mr. Gildon, the manager, some report sheets, had what the manager thought was a piece of a scoring machine in his car, said he was on his way to Dallas, was going to get some piece of machinery for the Longview plant, and that he would be back in three or four days and bring a chemical called by the witness "water-breaker" to use in connection with the plant at Kilgore. Mr. Gildon received the impression from Mr. Bauer that he was checking up

to see if anything was needed before he left for the holidays. From Kilgore the deceased proceeded to Arp, checked the plant there, saw the party from whom the ice company was leasing some property about reducing the rent and he and Mr. Revis continued on their way to Dallas and the collision occurred which resulted in the death of Mr. Bauer.

The appellee testified her husband told her when he left Dallas on the night of December 21st that he had some bills to pay in Longview, had to get some towels and take them down to the plant, and that "he had to make a check on the stations at Kilgore and Arp and see what they were going to have to have before he came back to spend the holidays." He asked Mr. Revis on the 21st to accompany him to Longview saying he was coming back to Dallas for the holidays and would be back next day. He told his mother while in Dallas on the 21st that he would be back during the holidays and level up her floors.

The deceased had no special superior but was designated by some of the witnesses as a free lance who exercised his own discretion extensively regarding when and where he went in the discharge of his duties but was loyal, dependable and responded promptly to calls for his services at any of the plants.

The circumstances relied on by appellee to show that deceased was in the furtherance of his employer's business when killed are that he carried a motor in his car on the 21st from Dallas to Longview; on his return to Dallas on the 22nd had what Mr. Gildon thought was a part of a motor; told him he was going to bring back a piece of machinery for the factory at Longview and would bring to the plant at Kilgore a chemical to be used there in making ice. Mrs. Bauer testified she found in the car after the collision a bearing for an axle to an ice machine. These circumstances are explained by his statement to various parties that he was going to Longview, attend to some business, check the material, check the plants at Kilgore and Arp to see what was needed, and return to Dallas for the holidays; also the factory at Longview had been closed, was not to be operated during the holidays, and would not require the services of an engineer; too the plant at Kilgore was not in present need of the chemical—in fact, did not secure any for a month, and he

advised Mr. Gildon at Kilgore on the 22nd he would be back in three or four days. He had been to Longview, performed the duties relative to checking the factory and plants that he had informed his wife and other parties he intended to do before returning to Dallas to spend the Christmas holidays where his mother, his wife and her people lived. He was driving his own car, was not on his way home, not on his way to either of the plants over which as an employee he had supervision.

■ A great preponderance of the evidence, we think, impels the conclusion that the finding of the jury to the effect that the deceased had not completed his duties at the time of the fatal accident but was in the usual course of his employment is without sufficient support in the testimony. It will be observed that in ascertaining whether the deceased was engaged in the furtherance of his master's business at the time of his death we must rely very largely on the statements made by him as to his purpose and intention. These statements have probative force and are admissible. Texas Employers' Ins. Ass'n v. White et al., Tex.Civ.App., 68 S.W.2d 511.

On the insufficiency of the testimony, see Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192; McCoy v. Beach-Wittman Co. et al., Tex.Civ.App., 22 S.W.2d 714; Reddick v. Prairie Oil & Gas Co., Tex.Civ.App., 51 S.W.2d 735; Traders' & General Ins. Co. v. Ratcliff et al., Tex.Civ.App., 54 S.W.2d 223.

■ If we concede that the testimony when considered in the light most favorable to the appellee would sustain the finding of the jury on the issue discussed, it is our opinion that the testimony so greatly preponderates against such finding that a new trial should be granted in the interest of justice. Bankers Life & Loan Ass'n v. Chase, Tex.Civ.App., 114 S.W.2d 374.

■ The issue of whether the deceased was in the course of his employment when the accident occurred resulting in his death having been submitted to the jury and found in favor of appellee, neither the trial court nor this court was authorized to enter a judgment contrary to such findings under article 2209, R.C.S. of 1925. Waller v. Liles, 96 Tex. 21, 70 S.W. 17. The amendment to article 2211, Vernon's Ann.Civ.St. art. 2211, author-

izes the trial court when its jurisdiction is properly invoked by the procedure therein provided to render judgment non obstante veredicto provided a directed verdict should have been given and disregard any special issue jury finding unwarranted by the testimony, but the appellant did not invoke the jurisdiction of the court by a motion for a judgment non obstante veredicto and therefore cannot avail itself of this remedy if the record otherwise warranted such action. Stallings v. Federal Underwriters Exchange, Tex.Civ. App., 108 S.W.2d 449.

If we are correct in the foregoing conclusion, the other assignments presented by appellant are immaterial and require no discussion.

The judgment is reversed and the cause remanded.