**TEXAS EMPLOYERS' INS. ASS'N v. BRUMBAUGH et al.**

**No. 2744.**

Court of Civil Appeals of Texas. Eastland.

Nov. 4, 1949.

Rehearing Denied Dec. 2, 1949.

McMahon, Springer & Smart, Abilene, for appellant.

Letcher D. King, Abilene, Alfred M. Scott, Austin, for appellees.

COLLINGS, Justice.

This is a workmen's compensation case brought by Maunie F. Brumbaugh et al. against Texas Employers' Insurance Association to recover compensation for the death of W. C. Brumbaugh. The trial was before a jury and based upon its verdict, judgment was rendered in the trial court for Maunie F. Brumbaugh et al. for full death benefits under the Workmen's Compensation Act, Vernon's Ann.Civ.St. Art. 8306 et seq. From such judgment, this appeal is brought.

W. C. Brumbaugh, deceased, had been in the employ of L. Coffee in Ozona, Crockett County, Texas, in the capacity of an oil well driller. He was first employed by Coffee in September, 1946, and except for a period from March to August, 1947, was more or less continually so employed until October 8, 1947. On that date he, with other employees, was engaged in tearing down a drilling rig with which a well had just been completed, preparatory to moving the rig to another location. At about 7:30 P. M. on the same day, W. C. Braumbaugh left Ozona to visit with his family at his home in Baird, Callahan County, Texas, where he had resided for about 20 years. He remained in Baird on October 9th and in the afternoon of the 10th, left to return to Ozona. He returned by way of Abilene, Texas, where he stopped for a period. Later in the day at about 8:15 P. M., while on his continued journey in a westerly direction toward Ozona, he was injured in an automobile collision on Highway 67 in Tom Green County. As a result of the injury, he died on October 14, 1947. Appellees alleged, and the jury found that the deceased, W. C. Brumbaugh, was at the time of such accidental injury, an employee of and engaged in the course of his employment with L. Coffee.

The bulk of the evidence tending to show that W. C. Braumbaugh was employed by and acting in the course of his employment with L. Coffee at the time of his death, was the testimony of various witnesses as to conversations with him in Ozona, Baird and Abilene on October 8th, 9th and 10th, 1947, and prior to the time of the collision. The effect of the testimony of these witnesses was that W. C. Brumbaugh was on a special mission to Baird and Abilene with authority from L. Coffee to secure a couple of men to work for him in Ozona. Illustrative are the following excerpts from the testimony of named witnesses:

Mrs. Jean Brumbaugh, daughter-in-law of W. C. Brumbaugh, testified that just before he left Ozona for Baird, at about 7:30 P. M. October 8, 1947, he told her "that he was going to Baird to get some men and would be gone a couple of days."

Jack Manness, an oil well driller, also in the employ of L. Coffee, testified that he talked to W. C. Brumbaugh in the afternoon of October 8th before he left for Baird and that Brumbaugh told him "he was going to Baird to see his folks and look out for some men for Coffee * * * to get us a tool dresser apiece."

Mrs. Maunie F. Brumbaugh, widow of deceased, testified that on the night of October 8th he called her by telephone from San Angelo and told her that Mr. Coffee was sending him to Baird to get some men.

Mrs. Juanita Fincher testified that on October 9th at about 7:30 A. M., W. C. Brumbaugh stated at the breakfast table at his home in Baird that "he was going to look for some men to go back to Ozona with him to work for Mr. Coffee as tool dressers." She further testified that on October 10th when Brumbaugh left Baird at about 3:00 o'clock in the afternoon, he stated that he had to stop in Abilene to see about getting some men and that when they got to Abilene he carried her to the residence of a friend that she wished to visit and hurriedly left.

R. L. Murphy, an oil well driller, testified that he saw W. C. Brumbaugh in Baird, Texas, October 9th and "he wanted to know if I wanted to go to West Texas and work."

L. W. Lincecum, a tool dresser, testified that he saw W. C. Brumbaugh on October 9th and that "he just asked me if I wanted a job dressing tools. Said he needed a couple of tool dressers * * *."

H. A. McGowan, a driller and tool dresser, testified that he saw W. C. Brumbaugh in Baird on Thursday or Friday morning before his death, and that "he wanted me to go down there and go to work * * * to Ozona."

■ In points 1 to 24, inclusive, appellant complains of the action of the trial court in overruling its objections to the above and similar testimony. In our opinion the trial court was correct in overruling such objections. The testimony was admissible as res gestae. Since the declarations were made by the deceased before the accident and resulting injuries, it is difficult to see how they could be considered as self-serving. No issue existed at that time between W. C. Brumbaugh and his employer or any one else as to whether or not he was acting in the course of his employment. The declarations of the deceased were contemporaneous with his trip to Baird and his action of seeking employees for Coffee. They were explanatory of such trip and actions. He was acting and talking as one with authority to solicit employees for his employer. The fact of his doing so in the absence of any apparent deliberate sign on his part is admissible as res gestae. Liberty Mut. Ins. Co. v. Nelson, 142 Tex. 370, 178 S.W.2d 514; Hartford Accident & Indemnity Co. v. Bond, Tex.Civ.App., 199 S.W.2d 293, 296; Maryland Cas. Co. v. Stevens, Tex.Civ.App., 55 S.W.2d 149, 153; Maryland Cas. Co. v. Kent, Tex.Civ.App., 271 S.W. 929, 934; Royal Ind. Co. v. Hogan, Tex.Civ.App., 4 S.W.2d 93; Texas Employers Ins. Ass'n v. Shifflette, Tex.Civ.App., 91 S.W.2d 787, 790-91; Texas Employers Ins. Ass'n v. White, Tex.Civ.App., 68 S.W.2d 511, 513-14; Heaton v. Globe Ind. Co., Tex. Civ.App., 71 S.W.2d 328; Lehers v. Federal Underwriters Exchange, Tex.Civ.App., 79 S.W.2d 925, 926; Texas Employers Ins. Ass'n v. Bauer, Tex.Civ.App., 128 S.W.2d 840.

In points Nos. 25 and 29, appellant contends that the trial court erred in overruling its motion for a peremptory instruction and for judgment non obstante veredicto. In these motions it is alleged that there was no evidence, or certainly not sufficient evidence to show that W. C. Brumbaugh was returning from a special mission in behalf of L. Coffee at the time of the collision and resultant accidental injuries which caused his death. In addition to the res gestae statements and acts on the part of W. C. Brumbaugh heretofore set out, which occurred before the fatal accident, Mrs. Jean Brumbaugh testified that she was present in Brumbaugh's hospital room in San Angelo the next morning after the accident and heard portions of a conversation between him and Mr. Coffee and that among other things, they discussed " * * * how much Mr. Coffee was going to pay Mr. Brumbaugh for making the trip * * * and expenses * * * to Baird and return * * * and that they came to an agreement." Also, L. Coffee admitted that he might at one time in the past have sent Brumbaugh to Big Spring or Odessa or somewhere else and that if he did, he paid him for the trip and expenses.

■ Thus we have the testimony of several witnesses of statements made by the deceased, W. C. Brumbaugh, to the effect that Coffee authorized him to secure oil field workers on his trip to Baird and Abilene. These statements were made shortly before his departure from Ozona, by telephone from San Angelo while on his journey, and after he had arrived at Baird. There is no reason apparent from the record nor has any been suggested why Brumbaugh should have made these statements prior to the accident and injury unless they were true. According to several witnesses, he spent the greater part of two days doing exactly what he said Coffee had instructed him to do. He sought and attempted to hire oil field workers. Then there is the testimony that Coffee himself,

while in the hospital room at San Angelo, discussed and came to an agreement with Brumbaugh about the expenses he was to pay for the trip to Baird. This conversation was denied by Coffee but this did not have the effect of destroying the admissibility of such testimony for jury consideration nor its probative effect. In our opinion, the evidence was sufficient to support the finding of the jury that W. C. Brumbaugh was an employee of and in the course of his employment with L. Coffee at the time of his accidental injury on October 10, 1947. The trial court properly overruled both appellant's motion for a peremptory instruction to the jury and the motion for judgment non obstante veredicto.

In points Nos. 26 and 27, appellants insist that it was error for the trial court to overrule its objections to the court's definition of the term "injury sustained in the course of employment" and to refuse to give instead its requested charge No. 1. The definition complained of in the court's charge is as follows: "The term 'injury sustained in the course of employment' where used herein, includes all injuries of every kind and character having to do with and originating in the work, trade, business or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere."

Appellant's requested definition was substantially the same as that given by the court except for the following, which was requested in addition thereto: "An injury or death resulting therefrom is not sustained in the course of employment, as that term is defined herein, where the same occurs on the public highway while the employee is returning to his home from his place of employment or to his place of employment from his home, and at a place removed from the premises of the employer and from the means of ingress and egress to and from said premises, and from a hazard to which the public generally is exposed and under circumstances in which the employee is not on a mission for his employer, and where the employer does not provide or furnish the means of transportation, has no control over the same, and where the employee is not paid compensation for time consumed in going to and from the place of work."

The substance of appellant's objection to the court's definition was that it was too broad and general and failed to include any of the elements applicable to the case at bar. In support of its contention, appellant cites Texas Employers' Ins. Ass'n v. White, supra. In our opinion, that case is not applicable to the question here under consideration. In such case the evidence raised the issue of intoxication which, by the terms of the statute itself, negatived "course of employment". Since the evidence raised the issue of intoxication, the burden rested on the plaintiff to show its absence and it was properly held that the trial court should have informed the jury that an injury sustained while in a state of intoxication was not an injury within the course of employment. The statute in addition to providing that the term "injury sustained in the course of employment" shall not include certain situations, then states the class and kind of injuries that are included within the term. The question in this case is not whether the deceased was intoxicated or injured in some other manner specifically provided by the statute not to be included, but whether the facts show an injury which falls within the class stated by the statute to be "injury sustained in the course of employment". The trial court was not in error in defining such term in the language contained in the statute without stating the exceptions therein provided where the evidence did not raise an issue under such exceptions. Neither did the court err in refusing appellant's specially requested charge. Commercial Standard Ins. Co. v. Austin, Tex.Civ.App., 128 S.W.2d 836; Texas Employers' Ins. Ass'n v. Owen, Tex. Com.App., 298 S.W. 542; Texas Employers' Ins. Ass'n v. Moyers, Tex.Civ.App., 69 S.W.2d 777, 779; "Workmen's Compensation," 45 Tex.Jur., p. 848, Sec. 305, Note 3.

In point No. 28 appellant complains of the action of the court in refusing its special requested issue No. 1 which was as

follows: "Do you find from a preponderance of the evidence that at the time W. C. Brumbaugh sustained the injury which resulted in his death that the said W. C. Brumbaugh was on leave of absence from his employer, L. Coffee? Answer Yes or No."

In support of this proposition, appellant cites Rule 279, Texas R.C.P. which provides, among other things, that the court shall submit the controlling issues made by the written pleadings and evidence. The issue requested by appellant was not a controlling issue in the case. It was undisputed that W. C. Brumbaugh was driving an automobile on the public highway and was not employed at an oil rig doing the work of a driller at the time of his injury. It was the contention of appellees, supported by evidence, that even so, Brumbaugh was an employee of Coffee acting in the course of his employment at the time of the injury. The requested issue of appellant was at most evidentiary on this question which was properly submitted by the court to the jury in special issues Nos. 1 and 1a of the court's charge.

The judgment of the trial court is affirmed.