**GREAT AMERICAN INDEMNITY COMPANY, Appellant,**

v.

**Charlotte McCASKILL et al., Appellees.**

**No. 16104.**

United States Court of Appeals Fifth Circuit.

Jan. 9, 1957.

Carl Wright Johnson, Nat L. Hardy, San Antonio, Tex., for appellant.

J. D. Wheeler, San Antonio, Tex., Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, Tex., of counsel, for appellees.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

Joseph M. McCaskill met his death on April 9, 1955, when an automobile driven by him struck a guard rail and overturned. His widow and minor children, the appellees here, brought an action in the District Court of Gonzales County, Texas, against the appellant, the workmen's compensation insurance carrier of the decedent's employer. The appellant removed the cause to the United States District Court for the Western District of Texas. The sole issue was whether the decedent was acting in the course of his employment at the time of his accidental death. The jury found for the widow and children and the Court entered a judgment on the verdict. The insurance company has appealed.

Joseph M. McCaskill was employed by the Gonzales Warm Springs Foundation for Crippled Children at Gonzales, Texas, as its office manager. Among his duties was that of handling public relations. Each year during the Christmas season, the Foundation sent out to a mailing list of 120,000 to 130,000 persons, a letter soliciting funds. It was the practice at the Foundation to have the letters printed during the spring so that they might be placed in envelopes and the envelopes addressed during the summer months when school girls and college girls were available for such work. Joseph McCaskill had been preparing a form of the letter of solicitation. This required art work, and he had been in contact with R. M. Williamson, a commercial artist in Austin, whom he told he would see again soon for further discussions.

The Foundation had ordered an automobile from an agency owned and operated by Harold McCaskill, brother of Joseph McCaskill. About noon on April 8, 1955, Harold and Joseph were together and Joseph was inquiring about the delivery of the Foundation's car. There was some talk of the agency loaning a car to the Foundation until its automobile, then on order, could be delivered. Harold mentioned that he had to go to Austin the following day to pick up a Mr. Wise, of Dallas, who was coming for a business conference. Joseph said he might be having business in Austin and if so he could pick up Mr. Wise. It was agreed between Joseph and Harold that Joseph would use one of the cars of Harold's agency for a trip to Austin the following morning and that Joseph would bring Mr. Wise with him on returning from Austin to Gonzales. There is some question as to whether the arrangement was made during the morning conversation or at another in the late afternoon. The testimony of Harold McCaskill put the arrangement in an afternoon interview and an extra judicial statement given by Harold three days after the accident fixed the agreement as being made in the morning. On the same day Joseph McCaskill told one of the office employees of the Foundation that he needed to go to Austin to see Williamson. He did not mention any time for the trip but indicated that it would be soon. That afternoon Joseph McCaskill talked with W. R. Knight, a businessman of Gonzales and Secretary and member of the Board of Directors of the Foundation. McCaskill informed Knight that it was McCaskill's intention to go to Austin the following day on business of the Foundation in a car to be borrowed from Harold McCaskill. McCaskill inquired if he might pick up at the Austin airport a man who was coming in the following morning for a business conference with Harold McCaskill. Knight agreed that McCaskill might pick up the visitor if it would not interfere with his duties to the Foundation. Knight testified that the Foundation had a rule prohibiting the carrying in Foundation automobiles of persons who were not of the Foundation's personnel.

On the evening of April 8th, there was a gathering of the McCaskill family at the home of McCaskill's mother. He left early and by way of apology for so doing said that he had to go to Austin the next morning on Foundation business. Mc-

Caskill's wife testified that he had never taken her on any trip he made on Foundation business. She asked if she could go on the trip to Austin. He declined to permit her to go.

On the morning of Saturday, April 9, 1955, Joseph McCaskill was up at five and left his home around 5:30 or 6 o'clock. The plane on which Mr. Wise was aboard reached Austin at 8:25 a. m. At 9:17 a. m. the fatal accident occurred at a place about fifty-one miles from Austin on the highway to Gonzales. Both Joseph McCaskill and his passenger, Mr. Wise, were killed.

Mr. Williamson had no appointment with and did not see Joseph McCaskill on April 9th. The place of business where Williamson did his work was not open that day and had not been open on Saturdays for some time. Williamson was not sure whether he was in Austin on the day in question but did know that he was not at the place of business.

Such was the testimony. Objections were made to the admission in evidence of the statements of the decedent regarding his proposed trip to Austin. The appellant moved for an instructed verdict and the motion was denied. A verdict was returned for the appellees. The appellant moved for a judgment non obstante veredicto. The appellees moved for judgment on the verdict and this motion was granted and judgment for the appellees was entered.

■ On appeal it is urged before us that it was error to admit the declarations of the decedent as to his purposes in going to Austin, and that the evidence was wholly insufficient to show that the decedent was acting in the course of his employment at the time he met his death.

The admission of the testimony of the decedent's declarations of his intention to make the trip to Austin and the purpose for which he was going was proper under a well recognized exception to the hearsay rule. The decisions of the Texas courts are those which, under Fed.R.Civ. P. 43(a), 28 U.S.C.A., guide the Federal courts in cases such as this. In a case before the Court of Civil Appeals a plaintiff named Prater lost his memory as a result of an automobile accident. In a suit brought by him against his employer's compensation insurer the trial court rejected as hearsay his declarations as to the purpose of the trip which resulted in his injury. From an adverse judgment an appeal was taken. In reversing the judgment the appellate court said:

"The declarations made by Prater on the occasions in question were not made in the presence of the opposite party and were not sworn to nor given under such circumstances as to allow for cross-examination, and consequently they were, in a sense, hearsay. However, we believe that they were admissible under a well-established exception to the hearsay rule. It has long been a rule of evidence that the declarations made by a party at or about the time of his departure on a journey are admissible to establish the destination or purpose of the journey. [Citing authorities.]

"Some of the authorities hold that such evidence is admissible under the res gestae rule. [Citing authorities.]

"We believe, however, that the evidence is admissible independently of the res gestae rule, for the simple and sufficient reason that it is the best evidence available to prove the fact at issue. In such cases the fact at issue is the purpose of the journey. The purpose of the journey is wholly dependent on the state of the mind of the declarant, and the declarations made by him are the best evidence of the state of his mind. It is the natural and usual thing for one who is preparing to go on a mission to declare to his associates the purpose of his errand. Such declarations are relied on daily in the business and social world. When they purport to evidence the existing state of mind of the declarant, they are but the natural expressions of the normal individual

under such circumstances. When thus made before a motive to fabricate has arisen, they are as reliable and dependable as any other evidence usually relied on in the trial of a law suit. In order to render such declaration admissible, it is not indispensable that it be so closely connected with the act of taking the journey as to form a part thereof. It is sufficient if the declaration appears to have been made in a natural manner without circumstances of suspicion and purports to evidence the declarant's existing state of mind with reference to the purpose of the proposed journey and there be such proximity between the time of the making of the declaration and the incident involved in the suit as, under the circumstances, will furnish reasonable assurance that there has been no change of purposes or designs in the meantime." Prater v. Traders & General Insurance Co., Tex.Civ.App., 83 S.W.2d 1038, 1039.

The rule thus stated is well settled in Texas. Royal Indemnity Co. v. Hogan, Tex.Civ.App., 4 S.W.2d 93; Texas Employers Ins. Ass'n v. White, Tex.Civ.App., 68 S.W.2d 511; Liberty Mut. Ins. Co. v. Nelson, 142 Tex. 370, 178 S.W.2d 514, affirming Tex.Civ.App., 174 S.W.2d 103; Texas Employers Ins. Ass'n v. Brumbaugh, Tex.Civ.App., 224 S.W.2d 761. And see Mutual Life Ins. Co. v. Hillmon, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706; Wigmore on Evidence, 3rd Ed. Vol. VI, p. 79, § 1725; and note 113 A.L.R. 268, 300.

For the appellant it is contended that the testimony shows that the decedent, at the time he was killed, was driving his brother's car on an errand for his brother. It is not reasonable to believe, so the appellant argues, that Joseph McCaskill contacted or intended to contact any person in Austin on Foundation business, that he must have known that Williamson would not have been at his place of business on a Saturday morning, and that no time was available for any conference on Foundation business prior to the early arrival of the plane on which Mr. Wise was a passenger. However plausible this argument may be, nevertheless the facts stressed by the appellant are not inconsistent with the theory of the appellees that the trip to Austin was on the business of the Foundation. This theory is now sustained by a jury verdict and the trial court's judgment. That the decedent's mission may have had an additional purpose, unconnected with his employment, would not take him out of the course of employment. As a Texas Court of Civil Appeals has said, "It is settled law in this State that where an employee mixes personal matters or missions with those connected with his employment, he does not thereby remove himself from the course of his employment." Associated Indemnity Corporation v. Billberg, 172 S.W.2d 157.

Other matters urged by the appellant do not disclose any error by which it was harmed or prejudiced. The evidence raised factual issues which the District Court found proper for determination by a jury. The District Court declined to enter a judgment non obstante veredicto. We are in accord with the District Court's findings and rulings and its judgment is

Affirmed.