**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Gerald NATHAN, Appellee.**

**No. 22789.**

United States Court of Appeals
Fifth Circuit.
May 17, 1966.

L. W. Anderson, Dallas, Tex., for appellant.

David M. Kendall, Jr., Dallas, Tex., Robert P. Woodruff and Woodruff, Hill, Bader & Kendall, Dallas, Tex., of counsel, for appellee.

Before HUTCHESON and BELL, Circuit Judges, and FULTON, District Judge.

HUTCHESON, Circuit Judge:

This appeal is from a judgment awarding Gerald Nathan workmen's compensation benefits under the Texas Workmen's Compensation Act.[1] The question presented is whether the automobile accident in which Nathan sustained his injuries is within the coverage of the Texas Act. Upon a jury verdict answering this question affirmatively, the district court entered judgment for Nathan. In complete agreement with that judgment, we affirm.

At the time of his injury Nathan was employed by Nardis Sportswear, a Dallas, Texas clothing manufacturer. Nathan was hired in Dallas in March, 1964, as a traveling salesman and assigned a territory consisting of Arkansas, Kentucky, Mississippi, Tennessee, and Alabama. Immediately upon employment he entered a training program in Dallas, which lasted several weeks. Upon completion of the training program Nathan left Dallas to begin his duties in his five-state territory. However, Nathan remained under the general supervision of the Dallas office, and in fact was required to return to Dallas for markets held four times during each year.

Nardis directed Nathan to return to Dallas for one such market on May 25, 1964. He was then directed to resume his duties in Gulfport, Mississippi, and left Dallas on May 30 enroute to Gulfport. In making this trip Nathan went by way of New Orleans, although a possibly shorter and easier route, which would have avoided New Orleans, existed; at the trial it was suggested that Nathan went by way of New Orleans to visit his children, who lived there with his ex-wife. While on this trip the accident resulting in Nathan's injuries occurred on the outskirts of New Orleans.

Nathan claimed workmen's compensation under the Texas Act from appellant Pennsylvania National Mutual Casualty Insurance Company, Nardis' compensation carrier. Pennsylvania asserted that Nathan was not entitled to benefits under the Texas Act on two grounds: (1) because Nathan deviated from the "normal" route from Dallas to Gulfport for a personal purpose, he was outside the scope of his employment at the time of the accident; and (2) since Nathan was hired to work only in the states other than Texas, he was not a "Texas employee" and therefore was not entitled to the extraterritorial coverage of the Act.

The case was tried before a jury and submitted on special interrogatories which, among other things, specifically inquired about, and instructed with regard to, the above-stated defenses. Pennsylvania did not request a directed verdict under Fed.R.Civ.P. 50(a). Upon a jury verdict favorable to Nathan, Pennsylvania moved for judgment notwith-

1. Tex.Rev.Civ.Stat.Ann. arts. 8306–8309f (1956).

standing the verdict. The district court, we think quite properly, overruled this motion and entered judgment for Nathan.

In the present posture of this case, we need say very little in disposing of Pennsylvania's arguments. The main thrust of these arguments is that the jury's verdict is against the great weight, if not all, of the evidence. Because Pennsylvania did not seek a directed verdict in the court below, we need not consider whether the evidence is legally sufficient to support the jury's factual findings. As we have said time and again, "When a party allows a case to go to the jury without challenging the sufficiency of the evidence by a motion for a directed verdict, the appellate court is powerless to review the sufficiency of the evidence to support the verdict." Pruett v. Marshall, 283 F.2d 436, 438 (5th Cir. 1960) [2]

But the disposition of Pennsylvania's arguments need not rest on the procedural ground alone. Under the overwhelming weight of Texas authority, the facts of this case are entirely sufficient to support the jury's findings that Nathan was acting within the scope of his employment [3] and was a "Texas employee" [4] at the time of the accident. Questions of this sort are particularly well suited for determination by a jury, and we refuse to disturb the jury's findings.

We have considered Pennsylvania's complaints regarding the district court's refusal to submit additional issues inquiring of "scope of employment" and "Texas employee". The issues and instructions upon which the court submitted the case to the jury completely and adequately presented all matters

2. Accord, Powers v. Gilmore, 297 F.2d 138, 140 (5th Cir. 1961); Bearden v. United States, 271 F.2d 708 (5th Cir. 1959); Williams v. National Sur. Corp., 257 F.2d 771, 774 (5th Cir. 1958); Stokes v. Continental Assur. Co., 242 F.2d 893, 894 (5th Cir. 1957), cert. denied, 355 U.S. 890, 78 S.Ct. 263, 2 L.Ed.2d 189 (1957), and the many cases there cited and reviewed. See also Gebhardt v. Wilson Freight Forwarding Co., 348 F.2d 129, 132 (3d Cir. 1965); Tsai v. Rosenthal, 297 F.2d 614, 618 (8th Cir. 1961); 5 Moore, Federal Practice para. 50.05[1] (1964).

3. The "scope of employment," especially with regard to travel in furtherance of personal, as well as business, affairs, was the subject of a recent amendment to the Texas Act. Under Tex.Rev.Civ.Stat.Ann. art. 8309, Section 1b (Supp.1965), injuries sustained during the course of travel in furtherance of personal affairs are within the Act if "the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip" and if "said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip." Nardis directed Nathan to make the trip; the trip would have been made regardless of Nathan's personal affairs; and the trip would not have been made but for the furtherance of Nardis' business. Plainly these facts justify the jury's conclusion that Nathan was within the scope of his

employment at the time of the accident. See Great Am. Indem. Co. v. McCaskill, 240 F.2d 80 (5th Cir. 1957); Associated Indem. Corp. v. Billberg, 172 S.W.2d 157 (Tex.Civ.App.1943). Cf. Shelton v. Standard Ins. Co., 389 S.W.2d 290 (Tex. 1965); Jecker v. Western Alliance Ins. Co., 369 S.W.2d 776 (Tex.1963). And the fact that Nathan could possibly have traveled to Gulfport by a more direct route does not place him outside the coverage of the Texas Act. Traders & Gen'l Ins. Co. v. Self, 391 S.W.2d 490, 492 (Tex.Civ. App.1965).

4. The extraterritorial provisions of the Texas Act are stated in Tex.Rev.Civ.Stat. Ann. art. 8306 Sec. 19 (1956). Ordinarily the Texas courts have required for recovery under this section only a showing that the injury occurred within one year from the date of leaving Texas and that the injured employee did in fact do *some* work for his employer in Texas before leaving. See Hale v. Texas Employers' Ins. Assn., 150 Tex. 215, 239 S.W.2d 608 (1951); Fidelity & Cas. Co. v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955 (1940); Travelers Ins. Co. v. Cason, 132 Tex. 393, 124 S.W.2d 321 (1939); Texas Employers' Ins. Assn. v. Robertson, 137 S.W.2d 836 (Tex.Civ.App.1940, writ dism'd jdgmt. cor.). Cf. Associated Indem. Corp. v. Scott, 103 F.2d 203 (5th Cir. 1939). Both showings were clearly made here thus removing any legal impediment to the jury's factual finding that Nathan was a "Texas employee".

raised by Pennsylvania. As the requested issues would have duplicated and overlapped those used, the court quite properly refused the additional issues proferred by Pennsylvania. Reagan v. Sinclair Ref. Co., 319 F.2d 363, 366 (5th Cir. 1963), cert. denied, 376 U.S. 956, 84 S.Ct. 975, 11 L.Ed.2d 974 (1964).

Affirmed.