Dallas F. MARTIN

v.

N. V. KONINKLYKE NEDER-
LANDSCHE STOOMBOOT
MAATSCHAPPIJ

v.

STRACHAN SHIPPING COMPANY.

Civ. A. No. 63-H-51.

United States District Court
S. D. Texas,
Houston Division.

Dec. 15, 1966.

W. Jiles Roberts, Houston, Tex., for plaintiff.

Eastham, Watson, Dale & Forney, Houston, Tex., for defendant and third-party plaintiff.

Theodore Goller, Eikel & Goller, Houston, Tex., for third-party defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SINGLETON, District Judge.

The above entitled and numbered cause, having been tried before the Court without a jury, at the close of evidence and after hearing arguments of counsel, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Plaintiff, Dallas F. Martin, is and was at the time of the injury made the basis of this suit, a resident citizen of the State of Texas.

2. On November 15, 1961, at about 3:30 P.M., plaintiff, Dallas F. Martin, suffered accidental injury while working in the 'tween deck of the No. 3 hatch on the M/S OSIRIS docked in Houston, Texas.

3. At the time of the said injury, the M/S OSIRIS was owned and operated by N. V. Koninklyke Nederlandsche Stoomboot Maatschappij, the defendant herein, a foreign corporation.

4. At the time of the aforesaid injury, Dallas F. Martin was employed as a longshoreman by third party defendant, Strachan Shipping Company, an independent stevedoring contractor engaged to perform stevedoring services aboard the M/S OSIRIS by the defendant, N. V. Koninklyke Nederlandsche Stoomboot Maatschappij.

5. The plaintiff's longshore gang commenced stowing crates of oil field machinery in the starboard side of No. 3 'tween deck of the M/S OSIRIS at about 7:00 or 8:00 A.M., on November 15, 1961. The Hatch Report, third party defendant's Exhibit No. 2, shows that the crates were of varying weights, ranging from approximately 200 pounds to 2800 pounds each. At approximately 3:30 P.M., a crate approximately ten or twelve feet long, four feet high and three feet wide was lowered into the hold to be

stowed in the starboard wing. The weight of this particular crate was in dispute, the stevedore's accident report having been made when the plaintiff's injury was reported to the timekeeper showing it to weigh 1430 pounds, while the plaintiff and a fellow longshoreman, James Edwards, testified it weighed 3400 pounds.

6. There was no oil or grease or other foreign substance on the 'tween deck which caused Dallas F. Martin to stumble or fall, or which contributed to his injury.

7. The undisputed evidence shows, and I find as a fact, that the method of stowage used by the stevedore for shifting the crate the last three or four feet to its final resting place, that is, the use of a pipe roller and manpower, was in all respects a safe, proper, seaworthy, and workmanlike manner of stowage.

8. The ship and its equipment and appurtenances were reasonably fit for the purposes for which they were intended to be used.

9. The ship's officers, crew, or agents and employees of the defendant, N. V. Koninklyke Nederlandsche Stoomboot Maatschappij, had no part in the movement of the cargo and were not guilty of any negligent acts or omissions which contributed to cause the injury to Dallas F. Martin.

10. The movement of said box constituted stevedoring services which impleaded third party defendant, Strachan Shipping Company, was employed to do, and such services were being performed under the supervision and direction of Strachan Shipping Company's walking foreman.

11. The third party defendant Strachan Shipping Company at all times material hereto performed its stevedoring services in a reasonably safe and good and workmanlike manner, without negligence in any respect, and that the plaintiff's injury was not proximately caused by any acts or omissions of the stevedore, its servants, employees, or representatives.

12. The place and area in which Dallas F. Martin was working at the time of his injury was a reasonably safe place in which to work.

13. The movement of the crate by means of a roller and manpower did not constitute "bulling" as that term is defined in the Safety and Health Regulations for Longshoring, and that no law or regulation was violated by the stevedore or shipowner in moving the crate under the circumstances and in the manner described above.

14. The third party defendant's workmen's compensation insurance carrier, Texas Employers' Insurance Association, paid compensation benefits to the plaintiff, Dallas F. Martin, as required by the provisions of the Longshoremen's and Harbor Workers' Compensation Act, in the sum of $590.00. In addition, said insurance carrier paid medical expenses and doctors' bills incurred by the plaintiff in the sum of $415.75, making a total sum of $1,005.75 paid to the plaintiff and on his behalf for compensation and medical expenses as a consequence of his injury on the M/S OSIRIS cn November 15, 1961.

### Conclusions of Law

1. This Court has jurisdiction of this case by reason of diversity of citizenship between plaintiff and defendant and the amount in controversy, which exceeded $10,000.00, exclusive of interest and costs.

2. Plaintiff is not entitled to recover damages of and from defendant, N. V. Koninklyke Nederlandsche Stoomboot Maatschappij.

3. The M/S OSIRIS, its equipment, and appurtenances were not unseaworthy.

4. The officers, crew, employees, and agents of defendant, N. V. Koninklyke Nederlandsche Stoomboot Maatschappij, were not guilty of acts of negligence contributing to the injury to plaintiff, Dallas F. Martin.

5. The third party defendant Strachan Shipping Company was in no way negligent or at fault in the loading of the crate of machinery on board the M/S OSIRIS, and at all times material hereto the said third party defendant performed its services aboard the said vessel in a careful and prudent and good and workmanlike manner.

6. The accident made the basis of the plaintiff's action was not caused by any fault or breach of warranty of workmanlike service of third party defendant Strachan Shipping Company, its servants, agents, or representatives.

7. Third party defendant Strachan Shipping Company did not breach its implied warranty of workmanlike performance and its agents, servants, and employees were not guilty of any acts of negligence contributing to cause the injury to Dallas F. Martin.

8. Defendant, third party plaintiff, N. V. Koninklyke Nederlandsche Stoomboot Maatschappij, is not entitled to recover indemnity of and from third party defendant Strachan Shipping Company.

9. The plaintiff having failed to recover against the defendant shipowner, the claim of Texas Employers' Insurance Association for recoupment of the sums paid to the plaintiff for compensation and medical expenses is accordingly denied.

10. Costs are to be borne one-half each by defendant N. V. Koninklyke Nederlandsche Stoomboot Maatschappij and by third party defendant Strachan Shipping Company.

Counsel for defendant N. V. Koninklyke Nederlandsche Stoomboot Maatschappij shall prepare and submit to the Court, after first affording counsel for plaintiff and third party defendant the opportunity of inspection, an appropriate form of judgment to conform with these findings and conclusions.

The Clerk shall record these findings of fact and conclusions of law and shall send a copy to counsel of record.