George **TAYLOR** and Willis Langley,
Appellants,

v.

**GULF STATES UTILITIES COMPANY**
and the Travelers Insurance Company et al., Appellees.

No. 23559.

United States Court of Appeals
Fifth Circuit.

March 3, 1967.

Joseph A. Gladney, John L. Avant, Baton Rouge, La., for appellant.

Frank W. Middleton, Jr., William A. Norfolk, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., for defendant-appellee, Gulf States Utilities Co.

E. Leland Richardson, R. Gordon Kean, Jr., Daniel R. Atkinson of Dale, Richardson & Dale, Baton Rouge, La., for appellee, The Travelers Ins. Co.

Margot Mazeau, Frank S. Normann, New Orleans, La., G. T. Owen, Baton Rouge, Normann & Normann, New Orleans, La., for appellees, W. R. Meadows, Inc. and Zurich Ins. Co.

Before GEWIN, THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

Plaintiffs Taylor and Langley, employees of Forcum-Lannon, Inc., were injured as the result of an explosion in a manhole in which they were working during the construction of a sewer trunk line being carried on by their employer under contract with the Greater Baton Rouge Consolidated Sewer District. Under the contract, Gulf States Utilities Co. was responsible for protecting, removing and replacing its gas lines.

Plaintiffs sued Gulf States Utilities Co. for negligence; the officers of Forcum-Lannon, Inc. and their insurer Travelers for negligently permitting improper backfilling; and K. T. Snyder and Gulf States Asphalt Co., the distributor and manufacturer of sewer joint compound "G.S. 702", W. P. Meadows,

Inc., its insurer Zurich Insurance Co., and Midwest Products Co. and its insurer Great American Insurance Co. of New York, the distributors and manufacturers, and their insurers, of sewer joint compound "Sealtight", charging each of them with negligence for not warning of the dangerous propensities of their products.

When the plaintiffs rested their case the district court granted a directed verdict as to all of the defendants, except Gulf States and Travelers. Plaintiffs' counsel conceded, both at the time of trial and at the oral argument in this court, that there was no negligence shown as to defendants other than Gulf States and Travelers. We carried with the case a motion to dismiss the appeal filed by the defendants Snyder, Gulf States Asphalt, Meadows, Zurich, Midwest and Great American. The record supports the concession of counsel that there is no evidence of negligence as to the moving defendants and their motion to dismiss the appeal is granted.

As to the remaining defendants, we are called upon to decide whether it was error for the district court to deny plaintiffs' motion to proceed without a jury after requesting a jury trial, and whether we may review the sufficiency of the evidence absent a prior motion for a directed verdict.

After a jury was called for the trial the following colloquy occurred:

Plaintiffs' counsel: "If it please the court, on behalf of plaintiffs * * * we are ready to go to trial and we would like to make a verbal motion before the Court that Plaintiffs are willing to waive the trial of this case by the jury and have it tried by the judge."

Defendants' counsel: "We will ask your Honor to let us have a conference on that motion."

The Court: "Gentlemen, why was not this brought up at pre-trial conference? Motion denied."

No objection was made by plaintiffs' counsel and the cause proceeded to trial and a jury verdict for the defendants.

The plaintiff urges that the defendant waived a jury trial by the inaction of counsel in objecting to the motion to waive the jury by plaintiffs' counsel and that therefore the verdict was merely advisory.

■ Rule 39(a) F.R.Civ.P. provides *inter alia* that when a jury is asked for by either party the trial shall so proceed unless the parties or their attorneys of record, by stipulations written or oral entered in the record, consent to trial by the court. We agree with the district court's statement that: "This requires the concurrence by oral stipulation in court of all counsel. This, of course, was not done. This was pressed by plaintiff himself without any stipulation having been entered into, either in writing or orally, for trial without jury. Consequently the motion was denied * * * *".

The defendants were entitled under Rule 38(d) F.R.Civ.P. to rely on the demand for jury trial previously made by plaintiffs. If the defendants were not given sufficient time to consider the motion, they are the ones to whom the right to complain belongs.

There was no error in trying the case before a jury. Cf. United Press Association v. Charles, 9 Cir. 1957, 245 F.2d 21, cert. den. 354 U.S. 925, 77 S.Ct. 1378, 1 L.Ed.2d 1435 (1957).

■■ Little need be said about the sufficiency of the evidence and plaintiffs' claim that a verdict should have been directed for them on the question of liability. No motion for a directed verdict was made in the trial court, and thus the district judge was not called upon to rule on the question. Moreover, plaintiffs concede, as they must, "that the sufficiency of the evidence is not reviewable on appeal unless a motion for a directed verdict was made in the trial court." Vol. 2 B, Barron and Holtzoff, Sec. 1081, p. 424. They may not gamble on the verdict and later question the sufficiency of the evidence. Thomas v. Akin Equipment Co., 5 Cir. 1962, 309 F.

2d 331; Powers v. Gilmore, 5 Cir. 1961, 297 F.2d 138.

We have carefully considered the numerous reasons urged for a new trial, which the district court denied. We find them to be without merit.

The case was properly submitted to a jury. After a lengthy trial the verdict was for the defendants. There it should and does end.

Affirmed.

Petition for rehearing denied April 1, 1967.