Norman S. **BROWN** and **IBL Engineering & Sales Inc., Appellants,**

v.

**BURR-BROWN RESEARCH CORPORA-TION, Appellee.**

No. 22800.

United States Court of Appeals
Fifth Circuit.

June 9, 1967.

Rehearing Denied Aug. 16, 1967.

Max R. Rosenfield, Elihu E. Berwald, Rosenfield, Berwald & Mittenthal, Dallas, Tex., for appellants.

Harold Hoffman, Wynne, Jaffe & Tinsley, Dallas, Tex., for appellee.

Before RIVES, THORNBERRY and AINSWORTH, Circuit Judges.

RIVES, Circuit Judge:

Tom R. Brown, Jr., is a graduate engineer of the Massachusetts Institute of Technology who specializes in electronics. In 1956 he organized the Burr-Brown Research Corporation (hereafter Burr-Brown) of which he became President and a major stockholder. Burr-Brown manufactured and sold electronic devices, mostly operational amplifiers used in the field of instrumentation and control of flight equipment. On or about February 27, 1961, Burr-Brown and Norman S. Brown, doing business as Norman S. Brown Associates (hereafter Norman Brown), entered into a letter agreement by which Norman Brown agreed to act as manufacturer's representative for the sale of Burr-Brown's products in Texas, Oklahoma, Kansas and Missouri. The area was later extended to include Arkansas and Louisiana. In March 1962 Norman Brown advised Burr-Brown that IBL Engineering & Sales, Inc. (hereafter IBL), a corporation in which Norman Brown owned the controlling interest, had been formed as a result of a merger to which Norman Brown was a party. IBL and Norman Brown continued to act as manufacturer's representative for the sale of Burr-Brown products until January 4, 1964, when Burr-Brown terminated the relationship.

On February 13, 1964 Burr-Brown filed its complaint against Norman Brown and IBL charging several breaches of duty, viz.: (1) breach of the express provision of their contract to "make every reasonable sales effort to promote the sale of our (Burr-Brown's) products in your area"; (2) breach of the implied covenant not to sell competitive products without first making full disclosure to and obtaining the consent of the principal (Burr-

Brown); (3) clandestinely promoting the sales of a competitor of Burr-Brown. Norman Brown and IBL denied that they breached the express provisions of the contract or any implied covenant not to sell competitive products. They admitted that they had entered into a written agreement to represent Nexus Research Laboratories, Inc. (hereafter Nexus), and, upon Burr-Brown's inquiry, had falsely denied representing Nexus but claimed that the products of Burr-Brown and Nexus accomplished different purposes and were not competitive, and that their motive in denying that they represented Nexus was that there was a personal grudge between Burr-Brown and Nexus and they did not want to lose the fruits of their labors because of such personal differences.

■ Burr-Brown's complaint sought the recovery of several different kinds of damages: (1) for failure of the defendants to return certain described demonstrators or sample units of values totaling $2,523.00; (2) for commissions paid to defendants to which they were not lawfully entitled totaling $4,626.00; (3) for lost profits on sales which would have been made by Burr-Brown if the defendants had not breached their duties of representation, estimated to be "in excess of $14,000.00"; (4) an additional damage from the loss of future sales "by virtue of the customers who were sold Nexus products in the past having become 'locked in' with Nexus products as to their future needs," the loss of future profits being estimated to be at least $21,000.00; (5) exemplary damages in the sum of $42,000.00 The complaint also prayed

for "such other and further relief to which plaintiff may be entitled." It may be well to remark at this point that under Rule 54(c), Federal Rules of Civil Procedure,[1] in a litigated case the prayer does not limit the amount of recoverable damages.[2]

The district court held that the evidence did not justify an award of punitive or exemplary damages and declined to submit that issue to the jury. After trial the jury returned a general verdict for the plaintiff in the amount of $59,688.00. On motion for new trial, the district court concluded that the verdict was excessive by the amount of $17,539.00, and the plaintiff remitted that sum. Judgment was then entered for the plaintiff for $42,149.00, together with costs and interest.

■■ A careful reading of the record shows that there was abundant evidence to authorize the jury to find that Norman Brown and IBL owed the duties to Burr-Brown as charged in the complaint, and that they breached those duties. No useful purpose would be served by detailing that evidence. Indeed, the defendants did not move for a directed verdict either in toto or as to any particular element of damage, but invoked a ruling from the district court only by motion for new trial. Hence, this Court is powerless to review the sufficiency of the evidence to support the verdict unless the denial of a new trial was "an abuse of discretion."[3] Clearly, the district court did not abuse its discretion by submitting the issues to the jury for its determination. As to the manner of such submission, the court inquired from the defendants as to whether there were any objections to its

1. "Demand for Judgment. A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

2. See 6 Moore's Federal Practice, 2nd ed., ¶ 54.60; 3 Barron & Holtzoff Federal Practice and Procedure, Rules ed., § 1194.

3. Pruett v. Marshall, 5 Cir. 1960, 283 F.2d 436, 438; Pennsylvania National Mutual Cas. Ins. Co. v. Nathan, 5 Cir. 1966, 361 F.2d 18, 20; Dupont v. Southern Pacific Co., 5 Cir. 1966, 366 F.2d 193, 198.

charge, and their counsel responded, "We have none."

■ To prove the loss of sales and profits suffered by Burr-Brown from the breach by Norman Brown and IBL of their duties of representation, the plaintiff offered in evidence the defendants' records of sales made for Nexus during the period when the defendants, without Burr-Brown's knowledge, were representing its competitor. Burr-Brown's President, Tom Brown, was permitted, over the objection of the defendants, to analyze those records and to exclude sales made outside the territory covered by the agreement and sales of products manufactured by Nexus for which Burr-Brown had no comparable product. Tom Brown was permitted to testify that, in his opinion, the remaining sales could have been made for Burr-Brown if its product had been submitted instead of the competitive product. He was also permitted to testify, from his experience, as to the relationship between present sales and future sales in Burr-Brown's business. We find no error in the admission of any of this evidence. The evidence of loss of sales and loss of future profits was based upon actual sales of competitive products in breach of the representative's duty to make such sales for Burr-Brown. The leading case in Texas on the degree of certainty required to prove loss of profits is Southwest Battery Corporation v. Owen, 1938, 131 Tex. 423, 115 S.W.2d 1097. Under that decision the evidence offered in this case came well within the degree of certainty to avoid mere speculation and to afford a reasonable basis for the jury's consideration. Indeed, it is difficult to conceive of a more accurate measure of the business that Burr-Brown would have had, if Norman Brown and IBL had complied with their clear duties. We have considered each of the appellants' claims of error and find no reversible error in the record. The judgment is affirmed.