Henry L. FORGASON, Appellant,

v.

PENROD DRILLING COMPANY et al.,
Appellees.

No. 26186.

United States Court of Appeals
Fifth Circuit.

April 4, 1969.

Daniel C. Wiemann, New Orleans, La.,
for appellant.

George B. Matthews, New Orleans, La.,
for appellees.

Before WISDOM and GODBOLD, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

Forgason, an employee of Superior Casing Crews, was injured while working on Penrod Drilling Company's Rig Number 52 when a piece of tubing that he and another worker were carrying to a pipe rack fell and fractured his big toe. The jury found that the rig was seaworthy and that Penrod was not negligent. The district court awarded judgment for Penrod on this verdict. Forgason raises numerous points in this appeal. None is meritorious.

Forgason complains that various instructions were not given to the jury

and that the verdict is not supported by the evidence. His attorney made no objections to the instructions and did not preserve his objection to the sufficiency of the evidence by a motion for a directed verdict. Absent plain error, therefore, this Court cannot consider these objections on this appeal. See Pennsylvania Nat'l Mut & Cas. Ins. Co. v. Nathan, 5 Cir. 1966, 361 F.2d 18; Srybnik v. Epstein, 2 Cir. 1956, 230 F.2d 683; Fed. R.Civ.P. 51.

■■ On the theory that in this type of accident one party must be negligent, Forgason argues that the jury misunderstood the court's charges by finding both Forgason and Penrod free of negligence. This argument is erroneous. It is not self-contradictory for a jury to find that neither of two parties is negligent. See Jefferson v. Tayio Katum, K.K., 5 Cir. 1962, 310 F.2d 582; Martin v. N.V. Koninklyke, S.D.Tex.1966, 264 F.Supp. 412. The evidence in the record is sufficient to support a finding of accidental injury.

■ Paragraph six of the Pre-Trial Order stated: "while assisting a Penrod employee in moving a piece of equipment on the rig, the Plaintiff sustained an injury to his foot". Forgason contends, therefore, that Penrod's attorney made improper jury arguments in urging that the worker assisting Forgason with the tubing may not have been a Penrod employee. This fact, however, was not stipulated. In the course of the trial Forgason testified that he thought his fellow worker was an employee of Penrod, but that he was unsure. In view of this testimony, it was not improper for Penrod's attorney to draw the jury's attention to the question whether Forgason's proof was sufficient to connect the company with any negligent act.

■ Finally, Forgason asserts that Penrod's lawyer improperly raised the point that he was being provided medical care by Travelers Insurance Company. Since this issue was initially injected into the case by Forgason's lawyer, it was a proper subject for comment by Penrod's lawyer in his closing argument to the jury. See Gladden v. P. Henderson & Co., 3 Cir., 1967, 385 F.2d 480.

We have considered all of the issues the appellant has raised, whether or not we have referred to them in this opinion.

The judgment is affirmed.