861 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
APPLIED COATING INTERNATIONAL INC., et al., Plaintiffs,
Harry A. Beale, Plaintiff-Appellant,
v.
ARCHITECTURAL COATINGS ASSOCIATES, Omnimax, Inc., Alan
Magerman, Victor Boddy, Lyndon Parker, Parker & Rutstein,
Walter B. Ferst, C. Lawrence Rutstein, Ronald Bluestein,
Ralph Mirarchi, Scott I. Peek, Charles C. Mary, Jr., Alan
Widra, Philip D. Lipetz, James E. Fuchs, Wolf, Block, Schorr
& Solis-Cohen, Stanton S. Oswald, Schotz, Miller & Glusman,
and Harvey G. Magarick, Defendants-Appellees.
 Nos. 87-3987, 87-4114.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. POTTER,* District Judge.
 MERRITT, Circuit Judge.
 
 
 1
 Appellant Harry Beale raises two consolidated appeals from judgments entered against him in suits arising from the same contract. In the first case considered here, Applied Coatings v. Omnimax, No. 87-3987, Omnimax won damages on its cross-claim against Beale for breach of contract, breach of fiduciary duty, and fraud. In Beale v. Architectural Coatings Limited Partnership, No. 87-4114, the District Court denied Beale's motion for leave to file a second amended complaint and dismissed his suit for lack of diversity under 28 U.S.C. Sec. 1332. Because we conclude that neither determination was in error, we affirm.
 
 I. Applied Coatings v. Omnimax
 
 2
 A careful reading of the appellant's pro se brief reveals two grounds of appeal. He challenges facts found by the District Court on his motion for a preliminary injunction and by the jury in its trial of the merits; and he appeals from the District Court's refusal to grant him leave to file a second amended complaint.
 
 
 3
 In a Memorandum and Opinion dated February 12, 1985, in order to rule on Beale's motion for an injunction, the District Court (Kinneary, J.) reviewed the complete history of the litigants' contractual relationship with painstaking care. We have reviewed the record, and conclude that these findings of fact are reasonable and amply supported by the record. Under Fed.R.Civ.P. 52(a) we may disturb these findings only if they are clearly erroneous. This appeal falls far short of that standard.
 
 
 4
 Neither are the facts as found by the jury on special interrogatories subject to interference by this Court. Appellant did not seek review of the jury verdict by the two means provided by the Federal Rules of Civil Procedure--motions for a directed verdict or for judgment notwithstanding the verdict, Fed.R.Civ.P. 50(a), (b). Our role in reviewing an appeal from jury fact-finding absent a ruling on one of these motions must be very limited. As we find nothing to suggest either a plain error amounting to a miscarriage of justice in the findings of the jury in this matter or an abuse of the trial judge's discretion, we reject this challenge. Little v. Bankers Life & Casualty Co., 426 F.2d 509, 511 (5th Cir.1970); Southern Railway Co. v. Miller, 285 F.2d 202, 206 (6th Cir.1960); 5A J. Moore & J.D. Lucas, Moore's Federal Practice, Sec. 50-12, p. 50-91 (2d ed. 1988).
 
 
 5
 Beale's motion for leave to amend his complaint was subject to the District Court's sound discretion. Fed.R.Civ.P. 15. As the District Court observed in its order denying the motion, filed August 5, 1987, Beale proposed to amend his complaint at an extremely late stage in the litigation process. It is well within a trial court's discretion to determine that one party's late motion to amend which would substantially alter the posture of the case may prejudice another party, so that granting the motion would not serve the purpose of justice. Foman v. Davis, 371 U.S. 178, 182 (1962). A denial on such grounds is no abuse of discretion.
 
 
 6
 II. Beale v. Architectural Coatings Associates Limited
 
 Partnership
 
 7
 Beale appeals from Judge Graham's dismissal of this related but procedurally distinct case. Memorandum and Order, November 25, 1987. He also appeals from the Magistrate's Order, filed November 13, 1987, denying him leave to amend his complaint.
 
 
 8
 The motion to amend would have injected federal claims into a case in which a lack of diversity had become apparent. Beale sought to include new claims under the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j(b) and unspecified sections of the Securities Act of 1933, 15 U.S.C. Sec. 77a, et seq. The burden of the proposed amendment, as best we can read it, alleges a violation of Rule 10b-5. It is settled that a person who is neither a purchaser nor a seller may not sue for damages under that Rule. Blue Chip Stamps v. Manor Drug Store, 421 U.S. 723 (1975). In the present case, Beale alleges only that the defendants by their acts conspired to dilute the ownership position which he held in Architectural Coatings, and which he had attained by stock acquisitions occurring much earlier. We discern no evidence in the record to supply the deficiency in Beale's pleading. We must conclude, therefore, that the District Court properly concluded that the proposed second amendment failed to state a claim.
 
 
 9
 Once he had denied the motion to amend, then the Magistrate had before him a case which was founded only on state-law claims and in which diversity was subject to a very colorable challenge. The Magistrate, therefore, refused to grant Beale leave to amend his state-law claims. Both refusals fall under the well-established principle that the futility of a proposed amendment is a sound reason for denying it. Foman v. Davis, 371 U.S., at 182. The District Court in its final order quite properly adopted the Magistrate's denial of leave to amend.
 
 
 10
 The District Judge was met, therefore, with a case entirely dependent on diversity for federal jurisdiction. Beale had not rebutted the defendant's affidavit that established the lack of diversity among the parties. There was, therefore, no error in his dismissal of this cause.
 
 
 11
 Accordingly, the judgments of the District Courts in appeals 87-3987 and 87-4114 are affirmed.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation