# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2023

Lyle W. Cayce
Clerk

No. 22-20532

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael D. King; Ascent Aviation Solution, L.L.C.,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1418

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Appellants Michael King and his company Ascent Aviation Solutions LLC were convicted by a jury of violating the Federal Aviation Act by operating an unlicensed air charter service. On appeal, Appellants challenge the district court's partial denial of their motion for summary judgment and denial of their Rule 59 motion for a new trial. The United States moved for

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

summary affirmance of the district court's orders based on Appellants' failure to preserve their objections to the district court's orders.

Appellants first challenge the district court's partial denial of their motion for summary judgment. Yet Appellants forfeited this argument by failing to raise it before the district court. *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal[.]").

Appellants also object to the sufficiency of the evidence the United States presented at trial. However, because Appellants filed neither a pre-verdict Rule 50(a) motion nor a post-verdict Rule 50(b) motion challenging the sufficiency of the evidence, they forfeited their right to do so on appeal. *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405 (2006) ("[A] district court may only order a new trial on the basis of issues raised in a preverdict Rule 50(a) motion when 'ruling on a renewed motion' under Rule 50(b)."); *see also HTC Corp. v. Telefonaktiebolaget LM Ericsson*, 12 F.4th 476, 488 (5th Cir. 2021) ("Absent [a Rule 50(b)] motion, . . . an appellate court is 'powerless' to review the sufficiency of the evidence after trial."); *accord Ortiz v. Jordan*, 562 U.S. 180, 189 (2011)). Moreover,

> "[where] a motion for a new trial has been made on the ground of insufficient evidence to support the verdict . . . the failure by the losing party to move for a directed verdict as well still operates to foreclose consideration of the question of sufficiency on appeal, and the appellate court may inquire only whether the trial court abused its discretion in overruling the motion for a new trial."

*Little v. Bankers Life & Cas. Co.*, 426 F.2d 509, 511 (5th Cir. 1970). Here, the district court did not abuse its discretion in denying Appellants'

No. 22-20532

Rule 59 motion for a new trial as the record reflects the existence of evidence supporting the jury's verdict.

Because Appellants failed to properly raise their challenges to the partial denial of their motion for summary judgment or the sufficiency of the evidence presented at trial before the district court, they forfeited their right to do so on appeal. Accordingly, the United States' motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED.